26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asadollah DAYLAMI, Mariam Ashouri, Rousbeh Daylami, Ronak
Daylami, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70678.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1994.*
Decided May 25, 1994.
 
 1
 Before: NORRIS and O'SCANNLAIN Circuit Judges; and COUGHENOUR, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Asadollah Daylami and his family are natives of Iran and seek relief from deportation. Petitioners maintain that they fear persecution if returned to Iran. The immigration judge found the petitioners deportable and denied their application for asylum and withholding of deportation under Secs. 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h), respectively. The BIA affirmed the immigration judge's decision. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a). The petition for review is denied.
 
 DISCUSSION
 
 4
 * The Attorney General has discretion to grant an alien asylum if the alien is determined to be a "refugee." See 8 U.S.C. Sec. 1158(a). The INA defines a "refugee" as any person who is unable to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of ... political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). Petitioners maintain that the immigration judge and the BIA erred by not designating them as refugees as defined under the Act.
 
 
 5
 Our review of the denial of petitioners' asylum application is limited to the decision of the BIA. Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993). Factual determinations underlying the BIA's denial of asylum are reviewed under the "substantial evidence" standard. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). "All the substantial evidence standard requires is the BIA's conclusion, based on the evidence presented, be substantially reasonable." Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam) (internal quotations and citation omitted).
 
 
 6
 The BIA concluded after de novo review of the record that Daylami failed to establish that his employment difficulties were due to his political opinions or that his employment difficulties rose to the level of persecution. The BIA also found that the petitioners' application did not establish a well-founded fear of persecution. We conclude that the BIA's findings are substantially reasonable.
 
 
 7
 Through a succession of demotions, Daylami went from president of the Iranian National Radio Company in 1978 to an accountant in 1987. The record, however, does not establish a link between Daylami's expression of his political views to friends and colleagues and his treatment at the Iranian National Radio Company. Cf. Shirazi-Parsa v. INS, No. 92-70336, slip op. 967, 977 (February 1, 1994) ("Although Petitioner had been questioned on numerous prior occasions, he was seized and beaten only immediately following the dinner-party incident during which his wife and an officer's wife got into a fight concerning his wife's religion"). Daylami was appointed president of the Iranian National Radio Company in 1978, was arrested in 1979, but kept his job as president until 1981. Daylami was also allowed to twice leave Iran on an Iranian passport. Cf. id. (After his abduction by the Revolutionary Guard, the petitioner tried to obtain a passport but could not because he was "blacklisted" and shortly thereafter received a summons from the Revolutionary Guard).
 
 
 8
 Moreover, we must agree that even if we accept as true that Daylami was demoted because of his political opinions, any economic deprivation suffered was not substantial enough to make the petitioners eligible for asylum. For instance, Daylami and his wife remained employed by the government until the time they left Iran. Cf. Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (explaining that Saballo-Cortez's asylum claim was undercut by the fact that "[i]n spite of [his] stubborn defiance and repeated resistance to participation in his country's compulsory service requirements, he was permitted to work until the day he left without arrest or harm").
 
 
 9
 Daylami maintains that after he and his family returned from a two month trip to the United States, he and his wife experienced increased hostility at work and increased government surveillance. We conclude that the government harassment the petitioners may have experienced coupled with demotions over approximately a ten-year period do not make them eligible for asylum. The BIA's conclusion that Daylami and his wife lost their jobs because of their prolonged unexplained absences rather than because of Daylami's political opinion is supported by the record and substantially reasonable. We agree with the BIA that the record does not support the petitioners' contention that they were persecuted because of Daylami's expression of anti-government sentiment while in Iran or that they have a well-founded fear of persecution upon their return.
 
 II
 
 10
 We also agree with the BIA's conclusion that since the petitioners failed to satisfy the lower burden of Sec. 208(a), it follows that they have also failed to satisfy Sec. 243(h)'s higher, clear probability of persecution standard. Cf. INS v. Cardoza-Fonseca, 480 U.S. 421, 443 (1987) (explaining that "[a]n alien satisfying Sec. 243(h)'s stricter standard ... is automatically entitled to withholding of deportation"). The record does not support the petitioners' contention that upon their return to Iran "it is more likely than not that [they] would be subject to persecution" based on political opinion. INS v. Stevic, 467 U.S. 407, 429-30 (1984). We, therefore, reject this claim for relief as well.
 
 
 11
 Petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable John C. Coughenour, District Judge, Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3